**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

RICHARD A. MASON,            )
                             )
        Plaintiff,    )
                             )
v.                           )    Case No. CIV-14-282-KEW
                             )
MAURITA T. DUNN;             )
SCHNEIDER NATIONAL           )
CARRIERS, INC.; and          )
LIBERTY MUTUAL INSURANCE     )
COMPANY,                     )
                             )
        Defendants.   )

**OPINION AND ORDER**

    This matter comes before the Court on Defendant Schneider National Carriers, Inc.'s Motion for Partial Summary Judgment on the Issues of Negligent Hiring, Training and Supervision (Docket Entry #21). On October 11, 2011, Plaintiff was involved in a traffic accident with a tractor trailer driven by Defendant Maurita T. Dunn ("Dunn"), owned and operated by Defendant Schneider National Carriers, Inc. ("Schneider"), and insured by Defendant Liberty Mutual Insurance Company. In his Petition removed to this Court on July 14, 2014, Plaintiff alleges the accident was as a result of Dunn's negligence. In the Amended Complaint filed after the removal of the case to this Court on October 14, 2014, Plaintiff also brought claims against Schneider for failing to properly train, screen, and supervise Dunn giving rise to a claim of negligence. Plaintiff expressly states in the Amended Complaint that Dunn acted within the scope and course of his employment with

Schneider and that Plaintiff's claims against Schneider are brought against Schneider "as the employer of Defendant Dunn."

In its answer to the Amended Complaint, Schneider admitted that Dunn was acting within the course and scope of his employment at the time of the accident. In so doing, Schneider stipulated to the potential *respondeat superior* liability for Dunn's conduct while in its employ.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Universal Money Centers v. A.T. & T., 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed 2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144,

157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Applied Genetics v. Fist Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983). With regard to the material facts set forth above, this Court finds no significant dispute.

By virtue of the pending Motion, Schneider contends the Oklahoma Supreme Court has not permitted claims for negligent hiring, supervision, and retention to proceed to trial in the circumstance where an employer has admitted vicarious liability. In support of this proposition, Schneider cites to the seminal case of Jordan v. Cates, 935 P.2d 289 (Okla. 1997). In Jordan, an individual who went to a convenience store to pay off a returned check. Id. at 291. During the course of an alleged altercation with an employee of the store, the individual contended the employee assaulted and battered him. Id. He brought suit against the convenience store, as the employer of the offending employee, under the theory of *respondeat superior* liability for the negligent hiring and retention of the employee. Id.

Recognizing the required elements to confer *respondeat superior* liability, the employer stipulated that the altercation occurred while its employee was acting within the course and scope

of his employment and that it would be liable for any damages awarded by a jury. Id. at 292. As a result, the trial court granted the employer summary judgment, dismissing the claims of negligent hiring and retention, in light of the employer's admission that it's employee was acting within the scope of his employment during the altercation. Id.

The Oklahoma Supreme Court reviewed the controlling prior case authority and concluded

> that the theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established. *In the case at bar, vicarious liability has been established through stipulation.*
>
> \* \* \*
>
> Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on employer.

Id. at 293 (emphasis in original).

The same court recognized this legal limitation in the later case of N.H., a minor v. Presbyterian Church (U.S.A.), 998 P.2d 592, 600 (Okla. 1999)("In Oklahoma, the theory of recovery [employer negligence] is available if vicarious liability is not established.") The defendant church did not admit vicarious liability in that case, however, causing the court to also consider whether the defendant church was put on sufficient notice of the

4

propensity for its employee to molest so as to confer liability upon the church. The law appears clearly established in Oklahoma that once an employer, such as Defendant Schneider in this case, has admitted vicarious liability for its employee's actions, no further theory of negligence associated with the particular incident may be maintained against the employer.

Plaintiff attempts to circumvent the holding in <u>Jordan</u> on multiple fronts. He refers to the affidavit of Major Larry Owen, a retired Oklahoma Highway Patrol trooper to allegedly establish a claim for negligent training. In Plaintiff's supplemental briefing which this Court permitted, he also offers the report of John Glennon, Jr., an alleged trucking safety expert, to establish various transgressions and violations of the standard for safe trucking operation which Defendants ostensibly committed in the course of their actions leading up to the accident. None of these factual assertions, however, have any bearing upon the legal conclusion that Oklahoma law does not recognize the attendant negligence causes of action against Schneider once vicarious liability is admitted – the only material fact which is relevant to the issue asserted in Schneider's partial summary judgment action.

Plaintiff also asserts that Defendants violated the Federal Motor Carrier Safety Regulations, again referring to Mr. Glennon's opinion. As a result, Plaintiff contends this federal law preempts

the state law ruling in Jordan.  Plaintiff ignores the fact that no private right of action exists under the Federal Motor Carrier Safety Regulations which could preempt any state rule of law - nor for that matter has Plaintiff asserted any claim based in federal law in this action.  *See* Beavers v. Victorian, 38 F.Supp.3d 1260, 1267 (W.D. Okla. 2014).  Consequently, preemption has no relevancy to this case.  None of these arguments alter the Jordan rationale.  Such claims remain barred by the admission of vicarious liability by Schneider.

IT IS THEREFORE ORDERED that Defendant Schneider National Carriers, Inc.'s Motion for Partial Summary Judgment on the Issues of Negligent Hiring, Training and Supervision (Docket Entry #21) is hereby **GRANTED**.  As a result, Plaintiff's claims for negligence and negligence *per se* associated with the hiring, training, supervision, retention, and policies and procedures established by Schneider are hereby **DISMISSED**.

IT IS SO ORDERED this 28th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE