**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

RICHARD A. MASON,              )
                               )
            Plaintiff,         )
                               )
v.                             )     Case No. CIV-14-282-KEW
                               )
MAURITA T. DUNN;               )
SCHNEIDER NATIONAL             )
CARRIERS, INC.; and            )
LIBERTY MUTUAL INSURANCE       )
COMPANY,                       )
                               )
            Defendants.        )

**OPINION AND ORDER**

This matter comes before the Court on Defendants Maurita T. Dunn and Schneider National Carriers, Inc.'s Motion for Summary Judgment (Docket Entry #40). On October 11, 2011, Plaintiff was involved in a traffic accident with a tractor trailer driven by Defendant Maurita T. Dunn ("Dunn"), owned and operated by Defendant Schneider National Carriers, Inc. ("Schneider"), and insured by Defendant Liberty Mutual Insurance Company. Plaintiff struck the back of the semi-tractor trailer driven by Dunn causing him injury.

Plaintiff testified in his deposition that he could not recall anything for about a week prior to the accident. (Depo. of Richard A. Mason, p. 36, ll. 21-22). His recollections are strictly based upon what he has been told by his attorney and others. (Id., p. 37, l. 24; p. 39, ll. 10-11, 14; p. 48, ll. 18-19, 23-24 Defendants state in their recitation of undisputed facts that "Plaintiff does recall seeing the tractor trailer before the

accident occurred." This is inaccurate. When asked if he remembered the truck before impact, Plaintiff responded "no." (Id., p. 40, ll. 9-11; p. 46, ll. 17-21). Plaintiff consistently testified that he did not remember anything from the accident including the fact he struck Defendants' truck (Id., p. 108, ll. 1-13), whether Dunn was doing "anything illegal" (Id., p. 108, ll. 14-16), the relative speed of the vehicles (Id., p. 40, ll. 3-8), whether he was on his phone or playing music (Id., p. 40, ll. 15-23), the circumstances of the impact (Id., p. 47, ll. 7-8), whether he attempted to swerve his vehicle (Id., p. 47, ll. 9-11), whether he applied his brakes (Id., p. 47, ll. 12-14), whether he took any action to avoid the collision (Id., p. 47, ll. 15-17), whether the equipment on Dunn's truck was functioning (Id., p. 49, ll. 19-24), whether he fell asleep prior to the accident (Id., p. 64, ll. 20-22).

Not surprisingly, Plaintiff could also not recall if Dunn did anything wrong, save what his attorney told him. (Id., p. 48, ll. 11-13, 17-19). His first recollection after the accident is waking up "trapped in my car with a truck engine, my truck engine sitting in my lap and the semitruck is about a foot away from me." (Id., p. 51, ll. 9-11).

Employing the services of an expert, Major Larry Paul Owen

("Owen")[1], Plaintiff alleges that Dunn was traveling at approximately 22 miles per hour while Plaintiff was traveling at approximately 73 miles per hour. Owen further stated that Plaintiff was braking and steering to the right upon impact. Owen concluded in his report that Dunn's driving at such a slow speed posed an extreme hazard to other motorists.

Plaintiff also employed the services of John C. Glennon, Jr. who offered the opinion that Dunn and Schneider violated various provisions of the Federal Motor Carrier Safety Regulations ("FMCSR") when operating the tractor-trailer in a mechanically unsafe manner where it could only move at approximately 25 miles per hour. Plaintiff alleges Defendants had the opportunity to obtain repairs on the tractor-trailer but negligently failed to do so. Plaintiff also asserts Schneider failed to systematically inspect the tractor-trailer to ascertain its roadworthiness as required by the FMCSR.

Based upon these allegations, Plaintiff brings this action for both negligence and negligence *per se*.[2]

---

[1] This Court acknowledges Defendants' filing of motions in limine challenging the admissibility of Plaintiff's experts' opinions on March 18, 2016. However, Defendants did not challenge the admissibility of these expert reports at the time of the briefing on summary judgment, as they did not reply to Plaintiff's response.

[2] Plaintiff's Second Amended Complaint filed December 10, 2015 also maintains claims for negligent training and supervision of Dunn against Schneider. By Opinion and Order entered September 28, 2015, this Court granted Schneider summary judgment on these claims.

Defendants offered the accident report of the Oklahoma Highway Patrol which indicated Plaintiff was "apparently sleepy" and Dunn engaged in "no improper action." The same report also acknowledges that Dunn's vehicle was "slowed."

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Henderson v. Inter-Chem Coal Co., Inc.</u>, 41 F.3d 567, 569-70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986); <u>Stone v. Autoliv ASP, Inc.</u>, 210 F.3d 1132, 1136 (10th Cir. 2000). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See* <u>1-800-Contacts, Inc. v. Lens.com, Inc.</u>, 722 F.3d 1229, 1242 (10th Cir. 2013)(citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. <u>Anderson</u>, 477 U.S. at 248. The facts must be considered in

4

the light most favorable to the nonmoving party. <u>Cillo v. City of Greenwood Vill.</u>, 739 F.3d 451, 461 (10th Cir. 2013)(citations omitted).

The Court will not consider statements of fact, or rebuttals thereto, which are not material or are not supported by competent evidence. Fed. R. Civ. P. 56(c)(1)(A), 56(e)(2), 56(e)(3). Only admissible evidence may be considered when ruling on a motion for summary judgment. <u>Jaramillo v. Colorado Judicial Dep't</u>, 427 F.3d 1303, 1314 (10th Cir. 2005)(citation omitted) (holding that hearsay evidence is not acceptable in opposing a summary judgment motion); <u>World of Sleep, Inc. v. La-Z-Boy Chair Co.</u>, 756 F.2d 1467, 1474 (10th Cir. 1985).

In its Motion, Dunn and Schneider primarily maintain that the operation of the tractor-trailer at a slow speed on a highway may have furnished a condition by which the accident was possible but the subsequent acts of Plaintiff in driving in a distracted manner and not paying attention to traffic operated as the proximate cause of the accident.

Both litigants cite the case of <u>Thur v. Dunkley</u>, 474 P.2d 403 (Okla. 1970) as the prevailing authority on this legal point. The Oklahoma Supreme Court stated

> the proximate cause of an injury must be the efficient cause which sets in motion that chain of circumstances leading to the injury, if the negligence complained of merely furnished a condition by which the injury was made possible and a subsequent independent act cause the injury the existence of such condition is not the

5

proximate cause of the injury.

Id. at 405.

Without doubt, proximate cause is an essential element of a claim for relief based on negligence and negligence *per se* under Oklahoma law. Jackson v. Jones, 907 P.2d 1067, 1072 (Okla. 1995); Tomlinson v. Love's Country Stores, Inc., 854 P.2d 910, 915 (Okla. 1993). The proximate cause of an event or injury must be that which in a natural and continuous sequence, unbroken by an independent or supervening cause, produces the event or injury and without which the event or injury would not have occurred. Gaines v. Providence Apartments, 750 P.2d 125, 126–27 (Okla. 1987). An independent cause which will break the causal nexus between a defendant's negligence and the injury is a supervening cause. Thompson v. Presbyterian Hospital, Inc., 652 P.2d 260, 264 (Okla. 1982). A cause is a supervening cause which will operate to insulate the original actor from liability only if it meets a three-pronged test. Id. It must be 1) independent of the original act; 2) adequate of itself to bring about the result; and 3) one the occurrence of which was not reasonably foreseeable. Id. The fact that an injury would not have occurred except for or but for the original act does not negate the existence of an intervening cause or render the original act the proximate cause of an event or injury, notwithstanding the existence of a supervening cause. Henry v. Merck and Co., Inc., 877 F.2d 1489, 1494 (10th Cir. 1989)

quoting Beesley v. United States, 364 F.2d 194, 196 (10th Cir. 1966).

The question of proximate cause is generally one of fact for the jury; it becomes one of law only when there are no facts or evidence from which a jury could reasonably find the required causal nexus between the act and the injury. Jackson v. Jones, 907 P.2d at 1073. Whether there are any facts or evidence that would support a jury finding of proximate cause is a question of law for the court. Id. The Oklahoma Supreme Court explained the factual nature of the issue of an intervening act or event's foreseeability:

> The question of an intervening event's foreseeability calls for an evaluative determination by the trier of fact. Whether the injurious consequences that resulted from the original negligence could have been reasonably foreseen is an issue traditionally within the realm of fact, not law. If the intervening force is of a character which (under the circumstances) would induce belief that it might be reasonably expected to occur, the final element is not met and the causal chain will remain unbroken.
>
> Disputed, relevant facts call for the jury's evaluative determination on this issue.
>
> Jackson v. Jones, 907 P.2d at 1073 (footnotes omitted).

The evidence remains in dispute as to causation. It can certainly be argued that Dunn's speed contributed to the causation of the accident and did not merely provide an avenue for Plaintiff's superceding negligence to constitute the proximate cause of Plaintiff's injuries based upon the evidence presented.

7

It remains a question of fact for the jury as the trier of fact to ascertain the foreseeability of the actions of each respective party to cause the injury that resulted.  As a result, summary judgment is not appropriate at this time.

IT IS THEREFORE ORDERED that Defendants Maurita T. Dunn and Schneider National Carriers, Inc.'s Motion for Summary Judgment (Docket Entry #40) is hereby **DENIED**.

IT IS SO ORDERED this 22nd day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE