**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD A. MASON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-282-KEW ) |
| MAURITA T. DUNN; SCHNEIDER NATIONAL CARRIERS, INC.; and LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Liberty Mutual Insurance Company's Motion for Summary Judgment (Docket Entry #50). On October 11, 2011, Plaintiff was involved in a traffic accident with a tractor trailer driven by Defendant Maurita T. Dunn ("Dunn"), owned and operated by Defendant Schneider National Carriers, Inc. ("Schneider"), and insured by Defendant Liberty Mutual Insurance Company ("LIberty"). Plaintiff struck the back of the semi-tractor trailer driven by Dunn causing him injury.

Schneider is an interstate motor carrier headquartered in Green Bay, Wisconsin. Liberty provides insurance for Schneider, including for the vehicle involved in the accident which forms the subject matter of this action. Plaintiff does not allege any independent act of negligence on the part of Liberty. Rather, Plaintiff names Liberty as a party because it provides insurance to Schneider's vehicles. The sole legal question at issue in the

subject Motion is whether it is appropriate for Plaintiff to name Liberty as a party defendant in this case.

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Henderson v. Inter-Chem Coal Co., Inc., 41 F.3d 567, 569-70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986); Stone v. Autoliv ASP, Inc., 210 F.3d 1132, 1136 (10th Cir. 2000). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See* 1-800-Contacts, Inc. v. Lens.com, Inc., 722 F.3d 1229, 1242 (10th Cir. 2013)(citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. Anderson, 477 U.S. at 248. The facts must be considered in the light most favorable to the nonmoving party. Cillo v. City of Greenwood Vill., 739 F.3d 451, 461 (10th Cir. 2013)(citations

omitted).

The Court will not consider statements of fact, or rebuttals thereto, which are not material or are not supported by competent evidence. Fed. R. Civ. P. 56(c)(1)(A), 56(e)(2), 56(e)(3). Only admissible evidence may be considered when ruling on a motion for summary judgment. Jaramillo v. Colorado Judicial Dep't, 427 F.3d 1303, 1314 (10th Cir. 2005)(citation omitted) (holding that hearsay evidence is not acceptable in opposing a summary judgment motion); World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

Plaintiff contends two Oklahoma statutes provide authority for a direct action against Liberty - Okla. Stat. tit. 47 § 169 and Okla. Stat. tit. 47 § 230.30. Initially, this Court agrees with Liberty that the current Okla. Stat. tit. 47 § 169 applies by its very terms only to confined to household goods and used emigrant movables or other **intrastate** motor carriers, of which Schneider is indisputable not. In contrast, Okla. Stat. tit. 47 § 230.30 applies to **interstate** motor carriers, such as Schneider. The pertinent part of this statue provides:

> A. No license shall be issued by the Commission to any carrier until after the carrier shall have filed with the Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier authorized pursuant to this section and which has complied with all of the requirements of the Commission, which bond or policy shall be approved by the Commission, and shall be in a sum and amount as fixed by a proper order of the Commission; and the liability and property

3

> damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any carrier for which the carrier is legally liable. A copy of the policy or bond shall be filed with the Commission, and, after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action.

Okla. Stat. Ann. tit. 47 § 230.30(A).

Liberty first asserts that Plaintiff may only maintain a direct action against it upon obtaining a judgment. In interpreting the former Section 169 which mirrored the language in the current Section 230.30, the Oklahoma Supreme Court recognized that a direct action could be jointly brought against the carrier and the insurer by virtue of the obligation to maintain insurance under the statute. Daigle v. Hamilton, 782 P.2d 1379, 1381 (Okla. 1989). No prior judgment was required.

To confuse matters even more, the Oklahoma Court of Civil Appeals issued two directly contradictory opinions on this statute. In Fierro v. Lincoln Gen. Ins. Co., 217 P.3d 158 (Okla. Civ. App. 2009), the Court found a direct action could only be maintained after a judgment was obtained against the carrier. In a concurring opinion, Judge Adams agreed that § 230.30 did not apply since the carrier was not obtain a license from the Oklahoma Corporation Commission as required by the statute but disagreed that a judgment was required before maintaining such an action in light of precedent from the Oklahoma Supreme Court. Id. at 161.

4

In contrast, a different panel of the Oklahoma Court of Civil Appeals found a direct action could be maintain, even absent a prior judgment, in light of the reasoning in <u>Daigle</u>, distinguishing <u>Fierro</u>. <u>Alfalfa Elec. Cooperative, Inc. v. Mid-Continent Casualty Co.</u>, 350 P.3d 1276, 1281-81 (Okla. Civ. App. 2015).

Plaintiff's arguments of inconsistency in treatment between foreign and domestic corporations notwithstanding, this Court must look to the express requirements of the statute in order to determine its applicability. The terms of Section 230.30 clearly apply in the limited circumstance where the motor carrier obtains a license from the Oklahoma Corporation Commission as defined by Okla. Stat. tit. 47 § 230.23(3). Oklahoma has joined other states in recognizing registration under the federal Uniform Carrier Registration Act. This Act allows for licensing in the state of the carrier's principal place of business which permits carriers to operate vehicles in several states, including Oklahoma. 49 C.F.R. § 367.4; 49 U.S.C. § 14504a; Okla. Stat. tit. 47 § 162.1.

Schneider registered in its home place of business, Wisconsin, under the Unified Carrier Registration Act. It did not obtain an Oklahoma license from the Oklahoma Corporation Commission as required for Okla. Stat. tit. 47 § 230.30 to apply. No federal law permits a direct action against an insurer but rather provides for the recovery from an insurer should a judgment be obtained against a covered carrier. 49 C.F.R. § 387.15. As a result, no direct

action against Liberty may be maintained under the specific facts of this case.

IT IS THEREFORE ORDERED that Defendant Liberty Mutual Insurance Company's Motion for Summary Judgment (Docket Entry #50) is hereby **GRANTED**. Defendant Liberty Mutual Insurance Company will be dismissed from this action and judgment will be entered accordingly.

IT IS SO ORDERED this 23rd day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE